UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CENTER FOR INVESTIGATIVE
REPORTING,

      Plaintiff,

v.

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT,

      Defendant.

Civ. A. No. 26-1663 (LLA)

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, U.S. Immigration and Customs Enforcement ("Agency"), by and through its undersigned counsel, hereby answers the Complaint (ECF No. 1) filed by Plaintiff Center for Investigative Reporting ("Plaintiff"), in this Freedom of Information Act ("FOIA") case. Defendant expressly denies each and every allegation in the Complaint not specifically admitted or otherwise qualified herein.  Defendant reserves its right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to the Defendant through the course of the litigation.  To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; but such references are not intended to be, and should not be construed to be, an admission that the cited materials are (1) correctly cited or quoted by Plaintiff; (2) relevant to this, or any other, action; or (3) admissible in this, or any other, action.

    //

## INTRODUCTION[1]

1.    This paragraph consists of Plaintiff's characterization of this action, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 1.

2.    This paragraph consists of Plaintiff's characterization of its FOIA Request, to which no response is required. Defendant admits that Plaintiff submitted two FOIA requests to ICE as described in the Complaint, and refers the Court to the requests for their contents.

3.    This paragraph consists of Plaintiff's characterization of its FOIA Request, to which no response is required. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

4.    Denied.

5.    Paragraph 5 contains Plaintiff's request for an injunction, to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to the requested relief.

## PARTIES

6.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.  To the extent a response is required, Defendant denies the allegations in Paragraph 6.

---

[1]    Merely for ease of reference, the Defendant's Answer replicates the headings contained in the Complaint.  Although the Defendant believes no response is required to such headings (Fed R. Civ. P. 10(b)), to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

7.      Defendant denies that it is an agency within the meaning of 5 U.S.C. § 552(f)(1) but admits that it is a component of the U.S. Department of Homeland Security and is subject to the requirements of the FOIA.

## JURISDICTION AND VENUE

8.      This paragraph consists of Plaintiff's conclusions of law, to which no response is required.  To the extent a response is required, Defendant admits that this Court has jurisdiction over this matter subject to the terms and limitations of FOIA.

9.      This paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this judicial district for a properly stated FOIA claim.

## BACKGROUND *(as alleged)*

### A.  ICE's Detention and Deportation of Parents and Guardians of Minor Children *(as alleged)*

10.     The allegations constitute Plaintiff's options and/or subject characterizations, interpretations, speculations, and generalizations to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 10.

11.     Paragraph 11 summarizes, characterizes, and otherwise contains statements allegedly made in a third party's online article, referenced in footnote 2 of the Complaint, which speaks for itself and is the best evidence of its contents.  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in

support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

12.     Paragraph 12 summarizes, characterizes, and otherwise contains statements allegedly made in a third party's online article, referenced in footnote 3 of the Complaint, which speaks for itself and is the best evidence of its contents.  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

13.     Paragraph 13 summarizes, characterizes, and otherwise contains statements allegedly made in a third party's online article, referenced in footnote 4 of the Complaint, which speaks for itself and is the best evidence of its contents.  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

14.     Paragraph 14 summarizes, characterizes, and otherwise contains statements allegedly made in a federal agency's online article, referenced in footnote 5 of the Complaint, which speaks for itself and is the best evidence of its contents.  To the extent the allegations seek

4

to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

15.     Paragraph 15 summarizes, characterizes, and otherwise contains statements allegedly made in a federal agency's online article, referenced in footnote 6 of the Complaint, which speaks for itself and is the best evidence of its contents.  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

16.     Paragraph 16 summarizes, characterizes, and otherwise contains statements allegedly made in a third party's online article, referenced in footnote 7 of the Complaint, which speaks for itself and is the best evidence of its contents.  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in

support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

17.    The allegations constitute Plaintiff's options and/or subject characterizations, interpretations, speculations, and generalizations to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 17.

18.    Paragraph 18 summarizes, characterizes, and otherwise contains statements allegedly made in a third party's online article, referenced in footnotes 8, 9, 10 and 11 of the Complaint, which speaks for itself and is the best evidence of its contents.  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

19.    Paragraph 19 presents legal argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 19.

**B.  ICE's use of private contractors to build Camp East Montana (*as alleged*)**

20.    Paragraph 20 summarizes, characterizes, and otherwise contains statements allegedly made in a third party's online article, referenced in footnote 12 of the Complaint, which speaks for itself and is the best evidence of its contents.  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this

paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

21.     Paragraph 21 summarizes, characterizes, and otherwise contains statements allegedly made in a third party's online article, referenced in footnote 13 of the Complaint, which speaks for itself and is the best evidence of its contents.  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

22.     Paragraph 22 summarizes, characterizes, and otherwise contains statements allegedly made in a third party's online article, referenced in footnote 14 of the Complaint, which speaks for itself and is the best evidence of its contents.  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

23.     Paragraph 23 summarizes, characterizes, and otherwise contains statements allegedly made in a third party's online article, referenced in footnotes 15 and 16 of the Complaint,

which speaks for itself and is the best evidence of its contents. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

24. Paragraph 24 summarizes, characterizes, and otherwise contains statements allegedly made in a third party's online article, referenced in footnote 17 of the Complaint, which speaks for itself and is the best evidence of its contents. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

25. Paragraph 25 summarizes, characterizes, and otherwise contains statements allegedly made in a third party's online article, referenced in footnote 18 of the Complaint, which speaks for itself and is the best evidence of its contents. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in

support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

26. Paragraph 26 summarizes, characterizes, and otherwise contains statements allegedly made in a third party's online article, referenced in footnote 19 of the Complaint, which speaks for itself and is the best evidence of its contents. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

27. Paragraph 27 summarizes, characterizes, and otherwise contains statements allegedly made in a third party's online article, referenced in footnote 20 of the Complaint, which speaks for itself and is the best evidence of its contents. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

28. Paragraph 28 summarizes, characterizes, and otherwise contains statements allegedly made in a third party's online article, referenced in footnote 21 of the Complaint, which speaks for itself and is the best evidence of its contents. To the extent the allegations seek to

provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

29.     Paragraph 29 summarizes, characterizes, and otherwise contains statements allegedly made in a third party's online article, referenced in footnote 22 of the Complaint, which speaks for itself and is the best evidence of its contents.  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

30.     Paragraph 30 summarizes, characterizes, and otherwise contains statements allegedly made in a third party's online article, referenced in footnote 23 of the Complaint, which speaks for itself and is the best evidence of its contents.  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in

support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

31.    Paragraph 31 summarizes, characterizes, and otherwise contains statements allegedly made in a third party's online article, referenced in footnote 24 of the Complaint, which speaks for itself and is the best evidence of its contents.  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

32.    Paragraph 32 summarizes, characterizes, and otherwise contains statements allegedly made in a third party's online article, referenced in footnote 25 of the Complaint, which speaks for itself and is the best evidence of its contents.  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

33.    Paragraph 33 summarizes, characterizes, and otherwise contains statements allegedly made in a third party's online article, referenced in footnote 26 of the Complaint, which speaks for itself and is the best evidence of its contents.  To the extent the allegations seek to

provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

34.    Paragraph 34 presents legal argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 34.

35.    Paragraph 35 summarizes, characterizes, and otherwise contains statements allegedly made in a third party's online article, referenced in footnotes 27 and 28 of the Complaint, which speaks for itself and is the best evidence of its contents.  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

36.    Paragraph 36 summarizes, characterizes, and otherwise contains statements allegedly made in a third party's online article, referenced in footnote 29 of the Complaint, which speaks for itself and is the best evidence of its contents.  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this

paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

37.     Paragraph 37 presents legal argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 37.

### C.  CIR's FOIA Requests (*as alleged*)

38.     As to Paragraph 38, Defendant admits that Samantha Michaels submitted a FOIA Request on June 26, 2025, and that the document speaks for itself.  Defendant refers the Court to Plaintiff's Exhibit 1 for the scope of the FOIA request.

39.     As to Paragraph 39, Defendant admits that on July 2, 2025, ICE acknowledged receipt of Samantha Michaels' FOIA Request and assigned it FOIA Case No. 2025-ICFO-45519.

40.     Admitted.

41.     As to Paragraph 41, Defendant admits only that on February 26, 2026, Samantha Michaels emailed ICE regarding her FOIA Request's status. Defendant lacks information and belief sufficient to admit or deny the remaining allegations, and therefore denies the remaining allegations in Paragraph 41.

42.     Defendant admits that ICE responded on April 20, 2026, stating that the request was pending the search for responsive documents and that any responsive records would be reviewed for releasability. Defendant refers the Court to the correspondence for its contents and denies any allegations inconsistent therewith.

43.     As to Paragraph 43, Defendant admits only that as of the date of this answer, ICE's search pursuant to the subject FOIA Request is still ongoing, and as such, ICE has not yet produced any records.  Defendant denies the remaining allegations in Paragraph 43.

44.     As to Paragraph 44, Defendant admits only that as of the date of this answer, ICE's search pursuant to the subject FOIA Request is still ongoing, and as such, ICE has not yet produced any records.  Defendant denies the remaining allegations in Paragraph 44.

45.     Paragraph 45 consists of Plaintiff's conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 45.

46.     As to Paragraph 46, Defendant admits that Samantha Michaels submitted a FOIA Request on September 11, 2025, and that the document speaks for itself.  Defendant refers the Court to Plaintiff's Exhibit 2 for the scope of the FOIA request.

47.     Paragraph 47 appears to reference the content of Samantha Michaels' FOIA Request on September 11, 2025, and the document speaks for itself.  Defendant refers the Court to Plaintiff's Exhibit 2 for the scope of the FOIA request.

48.     As to Paragraph 48, Defendant admits that on January 22, 2026, ICE responded to Samantha Michaels and asked for further clarification as her FOIA request, as originally framed, was too broad and would require an extensive search.

49.     As to Paragraph 49, Defendant admits only that ICE is in receipt of an email dated February 11, 2026, from Samantha Michaels, and that the contents of the email cited in Paragraph 49 states what Plaintiff purports it to state.  Defendant states that Plaintiff did not include a copy of the subject email as an exhibit to the Complaint. Defendant denies the remaining allegations in Paragraph 49.

50.     As to Paragraph 50, Defendant admits only that ICE is in receipt of an email dated March 4, 2026, from Samantha Michaels.  Defendant states that Plaintiff did not include a copy of the subject email as an exhibit to the Complaint. Defendant denies the remaining allegations in Paragraph 50.

51.    As to Paragraph 51, Defendant lacks information sufficient to admit or deny the allegations contained therein.  Defendant states that ICE was subject to the partial funding lapse affecting the U.S. Department of Homeland Security that began on February 14, 2026 and ended April 30, 2026.

52.    Admitted.

53.    Paragraph 53 consists of Plaintiff's conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 53.

## CAUSE OF ACTION *(as alleged)*

## Violation of FOIA, 5 U.S.C. § 552  *(as alleged)*

54.    Defendant incorporates by reference its responses to all preceding paragraphs.

55.    Paragraph 55 consists of Plaintiff's conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 55.

56.    Denied.

57.    Denied.

58.    Denied.

59.    Denied.

60.    Denied.

61.    Paragraph 61 consists of Plaintiff's conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 61.

## PRAYER FOR RELIEF *(as alleged)*

The remainder of the Complaint contains Plaintiff's requests for relief, to which no response is required.  To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the requested relief.

Defendant denies all allegations of the Complaint not expressly admitted or denied above.

## AFFIRMATIVE DEFENSES

In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses in this Answer as the facts and circumstances giving rise to the Complaint become known to the Defendant through the course of this litigation. Defendant does not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim for which relief can be granted, as Defendant has not unlawfully withheld any records within the meaning of the FOIA, 5 U.S.C. § 522 or the Privacy Act, 5 U.S.C. § 522a.

### SECOND DEFENSE

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to FOIA or the Privacy Act, 5 U.S.C. § 552a, or other applicable law.

### THIRD DEFENSE

This Court lacks subject matter jurisdiction over Plaintiff's request for relief that exceeds the relief authorized under FOIA.

### FOURTH DEFENSE

Defendant has exercised due diligence in response to Plaintiff's FOIA request and exceptional circumstances exist that necessitate additional time for Defendant to search for and process records, if any, responsive to Plaintiff's FOIA request.

**FIFTH DEFENSE**

Plaintiff is neither eligible for nor entitled to an award of attorneys' fees or costs.

**SIXTH DEFENSE**

Defendant has not improperly withheld records requested by Plaintiff under FOIA.

**SEVENTH DEFENSE**

Plaintiff is not entitled to the production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

**EIGHTH DEFENSE**

Plaintiff's request fails to comply with the requirements of FOIA to the extent the request fails to reasonably describe the records sought or present an unreasonably burdensome effort upon Defendant to search for, review, redact, and release any responsive records.

**NINTH DEFENSE**

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).


[signature block on following page]

Dated: June 18, 2026
      Washington, DC

                Respectfully submitted,

                JEANINE FERRIS PIRRO
                United States Attorney

                */s/ Catherine J. Malycke*
                CATHERINE J. MALYCKE
                VA Bar No. 84952
                Assistant United States Attorney
                601 D Street, NW
                Washington, D.C. 20530
                Tel: (202) 809-3495
                Catherine.Malycke@usdoj.gov

                *Attorneys for the United States of America*